IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES ARMSTRONG,<br>    Petitioner, | :<br>:<br>: |
| v. | :   CIVIL ACTION NO. 19-CV-5210 |
| KATHY BRITTAIN, *et al.*,<br>    Respondents. | :<br>:<br>: |

<u>**MEMORANDUM**</u>

**SCHILLER, J.**                                                                                                                 **NOVEMBER 8, 2022**

    *Pro se* Petitioner James Armstrong, a prisoner serving a life sentence in state prison for of first-degree murder, has filed a Motion for Relief from Judgment Under Fed. R. Civ. P. 60(b). (*See* ECF No. 53.) Armstrong seeks to reopen this Court's judgment dismissing his Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. (*See* ECF No. 39.) Because it must be deemed to be an unauthorized second or successive habeas petition over which this Court lacks jurisdiction, his Motion is dismissed.

**I.    BACKGROUND**

    The procedural history and factual background of Armstrong's conviction was fully set forth in the Report and Recommendation prepared by Magistrate Judge Lynne A. Sitarski in 2021. (ECF No. 31.) Accordingly, the Court outlines only the information necessary to place the instant Motion in context.

    After trial and sentencing, Armstrong filed a direct appeal, a collateral relief action under Pennsylvania's Post-Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. §§ 9541 *et seq.*, and an appeal from the denial of his PCRA, all in the state court system. He then filed a federal habeas petition. Among his claims were that an audio recording and transcript of the preliminary hearing testimony of Craig Gibson ("Gibson"), an eyewitness to the murder who was himself

murdered two months before trial, should not have been admitted as trial exhibits, and that, when the jury asked during deliberations to review the transcript of Gibson's preliminary hearing testimony again, trial counsel was ineffective for failing to object to the trial court's decision to permit the jury to review that exhibit.

In the current Motion, Armstrong seeks relief pursuant to Rule 60(b). He asserts that because the state courts reviewing his case did not have adequate transcripts, this Court's ruling was erroneous (ECF No. 53 at 1-3, 8), and also asserts a new habeas claim that, because the jury's written request specifically referenced Gibson's "statement," while a statement Gibson gave to authorities was defense exhibit D-16, the trial court provided the wrong exhibit to the jury by providing the transcript, which was exhibit C-19 (ECF No. 53 at 3-4, 8, 14, 18).[1] He further asserts that, in adopting the Report and Recommendation of Magistrate Judge Sitarski, this Court misapplied *Strickland v. Washington*, 466 U.S. 668 (1984). (ECF No. 53 at 9-12).

**II.    STANDARDS**

    **A.    Federal Rule of Civil Procedure 60**

Federal Rule of Civil Procedure 60(b) provides as follows:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

Fed. R. Civ. P. 60(b).  Rule 60(c) in turn provides the timing within which a Rule 60(b) motion must be made:  either within a year of the entry of order or judgment from which the motion seeks relief if the motion is made pursuant to Rule 60(b)(1), (2), or (3), or "within a reasonable time" if the motion is made under any other provision.  Fed. R. Civ. P. 60(c).

### B.     Second or Successive Habeas Petitions

Because this is a federal habeas action, the Court must evaluate whether the Rule 60(b) Motion is actually an unauthorized second or successive habeas petition.  That is because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2244(b), mandates that before a state prisoner may file a second or successive habeas petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3)(A); *see, e.g., Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (*per curiam*).  Importantly, AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas applications that are second or successive.  *See, e.g., Burton v. Stewart*, 549 U.S. 147 (2007).  A habeas petitioner cannot avoid AEDPA's second or successive gatekeeping mechanism by raising habeas claims in a filing that he designates as a Rule 60(b) motion.  Brian R. Means, FEDERAL HABEAS MANUAL § 11:42, Westlaw (updated May 2022) (a habeas petitioner "is not permitted to circumvent AEDPA's second or successive petition requirements simply by labeling the petition or motion as something other than what it is.").

3

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the United States Supreme Court addressed the circumstances in which utilizing Rule 60(b) is "inconsistent with" AEDPA's second or successive petition requirements and, as a consequence, not available to a state prisoner seeking habeas relief.[2] It explained that a Rule 60(b) motion must be construed as a "second or successive habeas corpus application" when it advances one or more "claims." *Id.*, 545 U.S. at 531-32 (quoting § 2244(b)(1) and (2)). "In most cases," the Supreme Court observed, "determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple." *Id.* at 532. "A motion that seeks to add a new ground for relief . . . will of course qualify." *Id.* The Supreme Court further instructed that a petitioner is also advancing a habeas claim in a Rule 60(b) motion if he "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* (footnote omitted). Similarly, a motion that seeks to present newly discovered evidence in support of a claim that was previously denied represents a habeas claim. *Id.*

In contrast, a motion is a "true" Rule 60(b) motion if it challenges a procedural ruling made by the district court that precluded a merits determination of the habeas petition, or "challenges a defect in the integrity of the federal habeas proceedings," such as an assertion that the opposing party committed fraud upon the court. *Id.* at 532 and n.4.

---

[2] "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules.'" *Gonzalez*, 545 U.S. at 529 (footnote omitted, bracketed text added by Supreme Court) (quoting what is now Rule 12 of the Rules Governing Section 2254 Cases).

### III. DISCUSSION

Because, pursuant to 28 U.S.C. § 2244(b)(2), a federal court does not possess jurisdiction to review an unauthorized second or successive habeas petition cloaked as a Rule 60(b) Motion, the threshold question before the Court is whether Armstrong's Rule 60(b) motion is a true Rule 60(b) motion, or, in reality, a successive habeas petition. The answer to this question is clear. Armstrong's Motion attempts to raise new substantive habeas claims (concerning transcripts and the jury's request for the "statement") and also attacks this Court's substantive ruling on a *Strickland* claim. Therefore, his Motion must be construed as an unauthorized second or successive habeas petition. Because he has not received authorization from the Court of Appeals to file another federal habeas petition in order to attack that judgment of sentence, this Court lacks jurisdiction to consider those claims.

An appropriate Order dismissing the Rule 60(b) Motion for lack of jurisdiction and finding no probable cause to issue a certificate of appealability follows.